UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK JOHN FORRESTER,<br><br>Petitioner,<br><br>v.<br><br>SUZANNE M. PEERY,<br><br>Respondent. | No. 2:16-cv-2127 WBS DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, Patrick John Forrester, is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges a judgment of conviction entered against him on September 13, 2011 in the San Joaquin County Superior Court for first degree murder. Respondent moves to dismiss on the ground that the habeas petition is time-barred. As outlined below, the undersigned respectfully recommends that this motion be granted.

**I.    BACKGROUND**

The jury convicted petitioner of "willful, deliberate and premediated murder." (Lodg. Doc. 2 at 10.)[1] "In addition, the jury found true the allegation that [he] personally used a knife in the commission of the murder." (Id. (citation omitted).) "The trial court sentenced [him] to 25

---

[1] When filing the motion to dismiss, respondent lodged copies of state court records regarding petitioner's underlying convictions. (See Notice of Lodging Documents in Paper (ECF No. 10).)

1

years to life in prison on count one, plus a one-year concurrent prison sentence for the . . . enhancement." (Id.)

Petitioner appealed his conviction for first degree murder. On July 1, 2014, the California Court of Appeal for the Third Appellate District affirmed the trial court's judgment. (Lodg. Doc. 2.) Petitioner then filed a petition for review in the California Supreme Court, which was denied without comment on September 17, 2014. (Lodg. Doc. 4.)

On October 20, 2015, petitioner filed a state habeas petition in the San Joaquin County Superior Court. (Lodg. Doc. 5.) On December 3, 2015, the Superior Court denied the petition on the ground that he had "raised all . . . of [the] same issues in the Third District Court of Appeal." (Lodg. Doc. 6 at 2.)

On September 6, 2016, petitioner filed his federal habeas petition. (ECF No. 1.) Respondent moved to dismiss. (ECF No. 9.) Petitioner did not file an opposition and the time to do so has expired. While the local rules provide that "[f]ailure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion," the court will consider the motion opposed and issue a recommendation based upon the merits of the motion. See Local Rule 230(l). Should plaintiff object to the court's findings here, he has the opportunity to file objections to these findings and recommendations within fourteen days of their issuance.

In the motion to dismiss, respondent urges the court to dismiss the petition with prejudice because petitioner filed it after expiration of the applicable limitations period. (ECF No. 9 at 2.) For the reasons outlined below, the court agrees and recommends dismissal of this petition with prejudice.

## II. LEGAL STANDARD

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." The Court of Appeals for the Ninth Circuit construes a motion to dismiss a habeas petition as a request for the court to dismiss under Rule 4. See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Valencia v. C.E. Ducart,

2

No. 1:14–cv–01144 MJS (HC), 2015 WL 545983, at *2 (E.D. Cal. Feb. 10, 2015) (reviewing motion to dismiss habeas petition pursuant to 28 U.S.C. § 2244(d)(1) under Rule 4). Accordingly, the undersigned will review the state's motion to dismiss pursuant to the court's authority under Rule 4.

In ruling on a motion to dismiss, the court "'must accept factual allegations in the [petition] as true and construe the pleadings in the light most favorable to the non-moving party.'" Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1030 (9th Cir. 2008)). In general, exhibits attached to a pleading are "'part of the pleading for all purposes.'" Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1124 (9th Cir. 2013) (quoting Fed. R. Civ. P. 10(c)). Furthermore, courts may take judicial notice of state court records. Porter v. Ollison, 620 F.3d 952, 954–55 (9th Cir. 2010); Overton v. Gastelo, 2:16-cv-01181-JAM-EFB, 2017 WL 1740491, at *1 n.1 (E.D. Cal. May 4, 2017), report and recommendation adopted, 2:16-cv-01181-JAM-EFB (E.D. Cal. June 29, 2017); Abbott v. Butler Cnty. Conviction CR-1080/C.A. 2126 of 2003, Civil Action No. 13–205m, 2013 WL 2254384, at *5 (W.D. Pa. May 22, 2013) (citing cases).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas petitions. 28 U.S.C. § 2244(d)(1). The year commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). "Direct review" includes "the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition." Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). "Therefore, when a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." Id.

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [§ 2244(d)]." 28 U.S.C. § 2244(d)(2); see also Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005). However, § 2244(d)(2) "does not permit the reinitiation

of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Nor do federal habeas petitions toll § 2244(d)(1). Duncan v. Walker, 533 U.S. 167, 181–82 (2001).

**III.  ANALYSIS**

Petitioner filed this federal habeas petition on September 6, 2016, approximately seven months after the statute of limitations period expired, including time for statutory tolling. The California Supreme Court denied review on September 17, 2014. The time period for petitioner to seek a writ of certiorari from the Supreme Court expired ninety days later, on December 16, 2014. Therefore, pursuant to § 2244(d)(1)(A), petitioner had until December 16, 2015 to file his federal habeas petition, plus any time for tolling. See Patterson v. Stewart, 251 F.3d 1243, 1246–47 (9th Cir. 2001).

Petitioner filed his state habeas petition on October 20, 2015, which tolled the statute of limitations for the duration of its pendency. (Lodg. Doc. 5.) By that time however, petitioner had already exhausted more than ten months of the statute of limitations period, and, as noted above, the filing and subsequent denial of a state habeas petition "does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Accordingly, while the statute of limitations period was tolled during the pendency of the state petition, it did not restart anew upon the Superior Court's denial on December 13, 2015. (See Lodg. Doc. 6 at 2.) Upon denial of the state petition, petitioner had until January 30, 2016 to file his federal petition, accounting for the 45 days that the limitations period was tolled. The present petition was filed on September 6, 2016, more than seven months after the tolling of the limitations period.

Accordingly, the petition is time-barred by AEDPA and must be dismissed with prejudice.

**IV.  CONCLUSION**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss be granted and that this action be dismissed with prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

4

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).  In the objections, the party may address whether a certificate of appealability should issue in the event an appeal of the judgment in this case is filed.  <u>See</u> Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: August 16, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.HABEAS / for.2127.mtd